MARGARET KUS *v.* CHARLES J. IRVING ET AL.

Superior Court          Judicial District of          File No. CV990549519S
                        New London

Memorandum filed June 10, 1999

*Thomas H. Richardson*, for the plaintiff.

*Updike, Kelly & Spellacy*, for the named defendant.

*Halloran & Sage*, for the defendants Narcy Z. Dubicki and Garon Camassar.

HON. D. MICHAEL HURLEY, JUDGE TRIAL REF-EREE. The defendants, attorneys Narcy Z. Dubicki and Garon Camassar, claim in their motion for summary judgment that there is no genuine issue of material fact as to their liability and request, as a matter of law, that the motion be granted. The law firm is a limited liability partnership.

The plaintiff, Margaret Kus, claims that a third defendant, attorney Charles J. Irving, a partner in the firm of Irving, Dubicki and Camassar, induced her to sign a fee agreement to pay him a fee of 25 percent of what he collected on the life insurance policy of the husband of the plaintiff before suit was filed and 33 percent of any proceeds after the suit was brought. The policy had a death benefit of $400,000. She claims that Irving had already received the $400,000, but nevertheless filed suit to collect the larger fee of 33 percent. Irving then paid the plaintiff $270,692.26 and took a fee of $135,365.63, which the plaintiff claims was $33,841.41 too high. The plaintiff sued all three partners in the firm.

Both Dubicki and Camassar have filed affidavits stating that they had no personal knowledge of the case or the dealings between Irving and the plaintiff until November 24, 1998, which was several days after the

matter between the plaintiff and Irving was concluded. They claim that under General Statutes § 34-327, they are protected from liability for any actions by their partner, Irving.

Section 34-327 provides in pertinent part: "(c) . . . a partner in a registered limited liability partnership is not liable directly or indirectly . . . for any debts, obligations and liabilities . . . chargeable to the partnership or another partner or partners . . . arising in the course of the partnership business while the partnership is a registered limited liability partnership.

"(d) The provisions of subsection (c) . . . shall not affect the liability of a partner . . . for his own negligence, wrongful acts or misconduct, or that of any person under his direct supervision or control."

In their affidavits, Dubicki and Camassar state that they had no personal knowledge of the dealings between the plaintiff and Irving, nor did they have any supervision or control of Irving. Furthermore, they state that under the partnership agreement, Irving retains all fees for his activities and does not share any of them with the other partners.

The plaintiff claims that the Dubicki and Camassar are guilty of negligence, wrongful acts and misconduct. She produced no affidavit or other documents, however, to support this claim. The court must, therefore, find that there is no genuine issue of material fact in this regard.

The plaintiff then claims that Dubicki and Camassar violated various rules of the Rules of Professional Conduct. The court, however, cannot treat her mere assertions as evidence that they violated rule 5.1 of those rules. She claims they admitted knowledge of what happened and did not attempt to rectify it. All they admitted was knowledge after the transaction was concluded.

Again, the plaintiff's claims are made without supporting affidavits.

Even if there were evidence of a violation of rule 5.1 (a) and (c) of the Rules of Professional Conduct, the court finds § 34-327 (d) supersedes both subsections of the rule except where the other person is under the partners' "direct supervision or control." Here, the sworn affidavits deny that this was the case. Accordingly, since Dubicki and Camassar shared no benefit, did not have direct supervision or control over Irving and did not know about the matter until nine days after the funds were distributed, the court finds that they are protected from liability by § 34-327 (c).

The motion for summary judgment by the defendants Dubicki and Camassar is granted.